UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EQUIOM (ISLE OF MAN) LIMITED (as Trustee of the
Lausar Settlement),

*Plaintiff,*

v.

SMITH ELECTRIC VEHICLES US CORP,

*Defendant.*

Case No. **15 CV 2337**

**COMPLAINT**

RECEIVED
MAR 2 7 2015
U.S.D.C. S.D.N.Y.

Equiom (Isle of Man) Limited (as Trustee of the Lausar Settlement) ("Plaintiff"), by and through its attorneys Fensterstock & Partners LLP, alleges for its Complaint against Smith Electric Vehicles US Corp ("Smith"), as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action to recover $2,925,299, together with 8% simple interest thereon, attorney's fees, costs and expenses, that Smith owes to Plaintiff, pursuant to an October 6, 2014 settlement agreement (the "Settlement Agreement") entered into between Plaintiff and Smith, and Smith's October 6, 2014 Affidavit of Confession of Judgment (the "Confession of Judgment").

## PARTIES, JURSIDICTION AND VENUE

2.      Plaintiff is a global company that specializes in trust and company formation, and offers administrative services in niche markets such as aviation, crew and yachting.  Plaintiff is organized under the laws of the United Kingdom, with its principal place of business located at Jubilee Buildings, Victoria Street, Douglas, Isle of Man, 1M1 2SH.  Plaintiff is Trustee of the Lausar Settlement ("Lausar").  Plaintiff was formerly known as Equiom Trust Company Limited.

On November 14, 2012, Plaintiff's corporate name was changed from Equiom Trust Company Limited to Equiom (Isle of Man) Limited.

3.      Upon information and belief, Defendant Smith is a Missouri corporation with its principal place of business located at 12200 N. Ambassador Drive, Suite 326, Kansas City, Missouri 64163.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Additionally, this Court has jurisdiction over this matter pursuant to paragraph 9 of the Settlement Agreement (a true and correct copy of which is attached to this Complaint at Exhibit A), which states, in pertinent part, that "[Plaintiff and Smith] consent to the exclusive jurisdiction of the United States District Court for the Southern District of New York in any action brought to enforce this Agreement."

6.      This Court also has jurisdiction over this matter, and venue is proper in this District, pursuant to paragraph 8 of the Confession of Judgment (a true and correct copy of which is attached to this Complaint at Exhibit B), which states, in pertinent part, that Smith "consents to the exclusive jurisdiction and venue of the United States District Court for the Southern District of New York for purposes of entering this Confession of Judgment or adjudicating any dispute that arises from this Confession of Judgment." ,

7.      Venue is also proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and 28 USC § 1391(b)(3).

## FACTS COMMON TO ALL CLAIMS

8.      On June 6, 2014, Plaintiff filed an action against Smith (the "Action"), in the Southern District of New York, to recover over $2.6 million that Smith owed to Plaintiff under three debentures that Smith issued to Plaintiff.  Upon Plaintiff's filing of a First Amended Complaint (the "AC") on June 30, 2014, the Action was captioned, *Equiom (Isle Of Man) Limited (as Trustee of the Lausar Settlement) v. Smith Electric Vehicles US Corp*, (Case No. 14-CV-4705, (RJS)(KNF)(S.D.N.Y.)).

9.      On or about August 18, 2014, Plaintiff filed an application for a default judgment in the Action because Smith had failed to respond to the AC, in any way.

10.     On or about September 19, 2014, Plaintiff voluntarily withdrew its motion for a default judgment in the Action.

11.     On October 6, 2014, Plaintiff and Smith entered into the Settlement Agreement. The Settlement Agreement was entered into concurrently with the Confession of Judgment.[1]

12.      On October 9, 2014, after Plaintiff and Smith executed the Settlement Agreement, the Confession of Judgment and the Mutual Releases, Plaintiff and Smith jointly filed a Stipulation of Dismissal With Prejudice (the "Stipulation of Dismissal") with the Court, pursuant to which Plaintiff withdrew the claims it asserted against Smith in the AC, with prejudice.

13.     Among other things, in return for Plaintiff's agreement to file the Stipulation of Dismissal, the Settlement Agreement required Smith to make certain payments to Plaintiff, pursuant to a payment schedule (the "Payment Schedule") set forth at paragraph 1 of the

---

[1] The Confession of Judgment states that it was sworn to on October 6, 2013.  (Exhibit B).  This is a scrivener's error.  The Confession of Judgment was sworn to on October 6, 2014.

Settlement Agreement (*see* Exhibit A, at ¶ 1), and at paragraph 4 of the Confession of Judgment (*see* Exhibit B, at ¶ 4).

14.   Paragraph 5 of the Confession of Judgment states:

This Confession of Judgment is hereby given as security to [Plaintiff] for all amounts justly owed by Smith to [Plaintiff] pursuant to the Payment Schedule and the express terms of the Settlement Agreement.

(Exhibit B, at ¶ 5).

15. Among other things, the Payment Schedule required that:

On or before February 28, 2015, Smith Electric shall pay by wire transfer US $2,925,299.00 to [Plaintiff] pursuant to the wire instructions to be provided by [Plaintiff] (the "Final Payment") in full and final payment of all amounts due under this Agreement and the Debentures.

(Exhibit A, at ¶ 1(c); Exhibit B, at ¶ 4(c)).

16.   On February 28, 2015, Smith entirely failed to pay $2,925,299 to Plaintiff, in breach of the Settlement Agreement and in violation of the Confession of Judgment.  As of the date of this Complaint, Smith has failed to pay any part of the $2,925,299 that it owes to Plaintiff.

17.   Pursuant to paragraph 2 of the Settlement Agreement, Plaintiff is entitled to collect "8% simple interest on [amounts that Smith fails to pay by the deadlines set forth in the Payment Schedule] until such amount[s] [are] collected." (Exhibit A, at ¶ 2).  Simple interest at 8% on $2,925,299 amounts to $641.16 per day.

18.   Paragraph 6 of the Confession of Judgment states, among other things:

*In the event that Smith fails to pay the full amount of any single payment to [Plaintiff] on the date that any such payment is due pursuant to the terms of the Payment Schedule, {smith] hereby authorize[s] [Plaintiff] to enter judgment against Smith, at any time, by filing this Affidavit of Confession of Judgment in the*

4

> *United States District Court for the Southern District of New York,*
> in the amount of $4,300,229.00, less any amounts that Smith has
> paid to [Plaintiff] pursuant to the Payment Schedule at the time of
> such filing and less the Exchange Payment if [Plaintiff] has failed
> to contemporaneously return the Share Interest Payment.

(Exhibit B, at ¶ 6) (emphasis added).

19.     Paragraph 7 of the Confession of Judgment states that "Smith shall be liable to [Plaintiff] for all expenses, including Attorney's fees, incurred in connection with securing and enforcing th[e] Confession of Judgment."  (Exhibit B, at ¶ 7).  Similarly, paragraph 7 of the Settlement Agreement provides that Smith shall be liable for "attorney's fees, costs or expenses . . . as provided in [the Settlement Agreement] and in the Confession of Judgment." (Exhibit A, at ¶ 7).

## FIRST CAUSE OF ACTION

### (Breach of the Settlement Agreement)

20.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 19 as if fully stated herein.

21.     The Settlement Agreement is an enforceable contract between Plaintiff and Smith under New York law.

22.     Plaintiff has fulfilled all of its contractual obligations under the Settlement Agreement in good faith.

23.     Pursuant to paragraph 1(c) of the Settlement Agreement, Smith was required to pay Plaintiff $2,925,299 on or before February 28, 2015.  Smith has entirely failed to make this required $2,925,299 payment to Plaintiff.

24.     Smith's failure to make the required $2,925,299 payment to Plaintiff on or before February 28, 2015 constitutes a breach of contract for which Plaintiff has been damaged in an

amount to be determined at trial, but no less than $2,925,299, plus the applicable 8% simple interest thereon, which amounts to $641.16 per day, accruing from February 28, 2015 until paid in full.

**WHEREFORE,** Plaintiff respectfully requests judgment against Smith as follows:

(A) For the First Cause of Action, an Order pursuant to the Settlement Agreement and the Confession of Judgment, requiring Smith to pay Plaintiff: (i) the principal amount of $2,925,299.00, together with 8% simple interest thereon from February 28, 2015 until paid in full, which amounts to $641.16 per day, and (ii) all of Plaintiff's expenses, including its attorney's fees, that Plaintiff incurred in connection with securing and enforcing the Confession of Judgment and Settlement Agreement, and

(B) Any other relief that the Court deems just and proper.

Dated: New York, New York
　　　　March 27, 2015

　　　　　　　　　　　　　　　　　　　FENSTERSTOCK & PARTNERS LLP

　　　　　　　　　　　By:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　Thomas A. Brown II (1642)
　　　　　　　　　　　　　　Scott J. Watnik (SW 8120)
　　　　　　　　　　　　　　100 Broadway, 8th Floor
　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　(212) 785 – 4100

　　　　　　　　　　　　　　*Attorneys for Plaintiff*