UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2015

EQUIOM (ISLE OF MAN) LIMITED
(as Trustee of the Lausar Settlement),

                Plaintiff,

-v-

SMITH ELECTRIC VEHICLES US CORP.,

                Defendant,

No. 15-cv-2337 (RJS)
OPINION AND ORDER

GRAHAM SIZER,

                Plaintiff,

-v-

SMITH ELECTRIC VEHICLES US CORP.,

                Defendant.

No. 15-cv-2783 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court are Plaintiffs' motions for a preliminary injunction arising out of Defendant's alleged breach of the June 8, 2015 settlement agreement in these actions. (No. 15-cv-2337 (RJS), Doc. No. 27; No. 15-cv-2783 (RJS), Doc. No. 29.) As the parties have acknowledged, "[a] plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public

interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–690 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–12 (1982)). Here, there is no dispute that Plaintiffs have demonstrated a likelihood of success on the merits. Indeed, Defendant concedes that it has not paid Plaintiffs sums owed pursuant to the settlement agreement. Nevertheless, the parties dispute whether Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief.

The Second Circuit has held that "a finding of irreparable harm may lie in connection with an action for money damages where the claim involves an obligation owed by an insolvent or a party on the brink of insolvency." *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781 (2d Cir. 2010) (summary order) (citations omitted); *see also Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 194 (S.D.N.Y. 2007). Here, Plaintiffs seek to enjoin Defendant – an electric car manufacturer which recently entered into a joint venture with FDG Electric Vehicles Limited (the "Joint Venture") – from distributing approximately 20,000,000 shares in the Joint Venture to Defendant's current shareholders. Plaintiffs contend that the Joint Venture shares constitute Defendant's sole assets and that Defendant intends to assign them away "so that it can avoid ever having to pay this judgment." (No. 15-cv-2783 (RJS), Doc. No. 29–1 at 1; *see also id.* 7–9.) Accordingly, Plaintiffs assert that, without an injunction, Defendant will be judgment proof in these actions. (*Id.*)

In support of this contention, Plaintiffs rely on email evidence reflecting that Defendant is in a perilous financial state. (*See, e.g.*, No. 15-cv-2783 (RJS), Doc. No. 34.) Seeking to rebut

this evidence, Defendant has now submitted a declaration and exhibit which appear to indicate that Defendant possesses corporate assets, apart from the shares, in excess of the debts owed to Plaintiffs. While Defendant's submission arrived well *after* the Court's preliminary injunction hearing earlier this week, when it would have been most helpful, it is nonetheless relevant to the Court's determination of irreparable harm, and more specifically whether Defendant is insolvent or on the brink of insolvency. Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs shall respond to Defendant's submission by September 15, 2015. IT IS FURTHER ORDERED THAT Defendant shall *immediately* advise the Court prior to *any* distribution of shares in the Joint Venture.

SO ORDERED.

Dated: September 11, 2015
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE