USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-18-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EQUIOM (ISLE OF MAN) LIMITED
(as Trustee of the Lausar Settlement),

                Plaintiff,

-v-

SMITH ELECTRIC VEHICLES US CORP.,

                Defendant,

No. 15-cv-2337 (RJS)
OPINION AND ORDER

---

GRAHAM SIZER,

                Plaintiff,

-v-

SMITH ELECTRIC VEHICLES US CORP.,

                Defendant.

No. 15-cv-2783 (RJS)
OPINION AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

    Now before the Court are Plaintiffs' motions for a judgment, an injunction, a temporary restraining order, and a pre-judgment attachment, arising out of Defendant's alleged breach of the June 8, 2015 settlement agreement in these actions. (No. 15-cv-2337 (RJS), Doc. No. 27; No. 15-cv-2783 (RJS), Doc. No. 29.) Having carefully reviewed all of the parties' submissions and having heard oral argument as to Plaintiffs' motions, the Court hereby enters two Judgments in favor of Plaintiffs but denies all of their remaining requests.

    The Court assumes the parties' familiarity with the facts of these diversity breach of

contract actions. In sum and as relevant here, Defendant does not dispute that it has not paid Plaintiff Equiom (Isle of Man) Ltd. (as Trustee of the Lausar Settlement) $1,565,112.51 and Plaintiff Graham Sizer $257,826.34, pursuant to June 8, 2015 Settlement Agreements between the parties (the "Settlement Agreements"), and has therefore breached the Settlement Agreements. (No. 15-cv-2337 (RJS), Doc. No. 27; No. 15-cv-2783 (RJS), Doc. No. 29.) It is also uncontested that, pursuant to the Settlement Agreements, Plaintiffs are entitled to collect 8% simple interest and the attorneys' fees and costs incurred in enforcing the Settlement Agreements. Since there is no basis or just reason to delay the entry of Judgment in these actions, the Court will separately docket a Judgment against Defendant and in favor of Equiom (Isle of Man) Ltd. (as Trustee of the Lausar Settlement) for $1,565,112.51 plus interest and attorneys' fees. The Court also will separately docket a Judgment against Defendant and in favor of Graham Sizer for $257,826.34 plus interest and attorneys' fees.

In light of the entry of the Judgments noted above, the Court denies as moot Plaintiffs' motions for a preliminary injunction, temporary restraining order, and a pre-judgment attachment. Specifically, in bringing these motions, Plaintiffs seek to preliminarily enjoin Defendant – an electric car manufacturer which recently entered a joint venture with FDG Electric Vehicles Limited (the "Joint Venture") – from distributing approximately 20,000,000 shares in the Joint Venture to Defendant's current shareholders. Plaintiffs contend that the Joint Venture shares appear to be all that Defendant holds of value and that they are being given away for no consideration in order to prevent Plaintiffs from collecting against Defendant. (No. 15-cv-2783 (RJS), Doc. No. 29–1 at 7–9.) Plaintiffs assert that, without an injunction, Defendant will be judgment proof in these actions. (*Id.*) However, since "the

*preliminary* injunction sought by Plaintiff is, by definition, *preliminary* relief, [any preliminary injunction] would no longer be operative after the entry of final judgment." *D'Arrigo Bros. Co. of New York v. MLPP LLC*, No. 15-cv-2041 (RJS), 2015 WL 3526999, at *2 (S.D.N.Y. June 3, 2015) (emphases in original). As explained by the Second Circuit, "[w]ith the entry of the final judgment, the life of the preliminary injunction c[o]me[s] to an end, and it no longer ha[s] a binding effect on any one. The preliminary injunction was by its very nature interlocutory, tentative and impermanent." *Id.* (quoting *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977) (citing *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir. 1953))). Accordingly, the Court denies as moot all of Plaintiffs' requests for preliminary relief.

With respect to a permanent – as opposed to a preliminary – injunction, it is not at all clear that Plaintiffs seek such relief, since they do not request any permanent equitable relief in their Complaints, and their briefs cite cases concerning only preliminary but not permanent injunctions. Moreover, the arguments in Plaintiffs' briefs track only the standard for a preliminary injunction – i.e., likelihood of success in the merits – as opposed to the standard for a permanent injunction. Regardless, to the extent that Plaintiffs seek a permanent injunction, the Court denies such a request based on the current record.

The Supreme Court has characterized injunctive relief "as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004) ("The grant of injunctive relief is an extraordinary

remedy."). The Second Circuit has also repeatedly recognized that an injunction "is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). As set forth by the Supreme Court, a party seeking a permanent injunction bears the burden of proving:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Based on the current record, the Court is not persuaded that Plaintiffs have suffered an irreparable injury or that remedies available at law, such as monetary damages, are inadequate to compensate for that injury. The basis of Plaintiffs' request is that Defendant has not paid Plaintiffs the sums owed and that Defendant has had difficulty receiving firm financial commitments from shareholders in connection with its fundraising for the Joint Venture. (*See, e.g.*, No. 15-cv-2783 (RJS), Doc. No. 34.) In response, Defendant has submitted an exhibit and a declaration from its General Counsel and Vice President of Legal and Commercial Affairs which, taken together, seem to suggest that Defendant possesses corporate assets – apart from the Joint Venture shares – that exceed the debts owed to Plaintiffs. On this record, Plaintiffs have not shown that monetary damages are inadequate to compensate for Plaintiffs' injury, which is necessary to warrant the "extraordinary remedy" of a permanent injunction. Accordingly, the Court denies Plaintiffs' request for a permanent injunction.

Having denied Plaintiffs' request for a permanent injunction on the current record, the

Court notes that Plaintiffs still may seek post-judgment discovery and relief pursuant to, *inter alia*, Rules 69 and 70 of the Federal Rules of Civil Procedure or Chapter 8, Article 62 of the New York Civil Practice Law and Rules, and, if necessary, may bring a fraudulent conveyance action.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiffs' motions for a preliminary injunction, temporary restraining order, and a pre-judgment attachment are DENIED as moot. IT IS FURTHER ORDERED THAT Plaintiffs' request for a permanent injunction is also DENIED.

IT IS FURTHER ORDERED THAT, by September 25, 2015, Plaintiffs shall submit an affidavit setting forth the full amount of interest and the attorneys' fees incurred, with time records showing the hours expended and rates charged. IT IS FURTHER ORDERED THAT, by October 2, 2015, Defendant shall file any written response to Plaintiffs' submission.

SO ORDERED.

Dated:	September 18, 2015
	New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE